UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| MAURICE S. PEGG, | ) | CASE NO. 4:09 CV 2177 |
| | ) | |
| Petitioner, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| R. WOLFE, | ) | AND ORDER |
| | ) | |
| Respondent. | ) | |

On September 18, 2009, petitioner Maurice S. Pegg filed the above-captioned petition for a writ of habeas corpus under 28 U.S.C. § 2254.  Mr. Pegg is currently incarcerated in the Ohio State Penitentiary ("OSP").  In the petition, he asserts he has been held over eighteen years on a sentence of 180 days.  He also contends Ohio Department of Corrections ("ODRC") officials are writing false conduct tickets in an attempt to keep him from being released on parole.  Mr. Pegg filed an application to proceed in forma pauperis.  That application is granted.

## Background

The petition is rambling and difficult to decipher.  Mr. Pegg lists only "cruel and unusual punishment" as a ground for relief.  Construing it liberally, it appears Mr. Pegg is challenging his continued incarceration at OSP eighteen years after his 180 day sentence expired. Mr. Pegg was on parole from a 10-40 year sentence for robbery, breaking and entering, and carrying a concealed weapon when he was arrested on December 4, 1991 and charged with trafficking in a counterfeit controlled substance.  He agreed to plead guilty to the charge and was sentenced to 180 days incarceration.  He was also declared to be a parole violator.  He was returned

to prison where he remained incarcerated for the past eighteen years.  Mr. Pegg appears to claim he should have been released after he served his 180 day sentence.  He also appears to assert OSP and ODRC officials are trying to kill him for "what I did at [the Southern Ohio Correctional Facility] in 1986."  (Pet. at 6.)  He claims these officials are issuing fabricated conduct tickets to justify the denial of his release on parole.

## Analysis

A federal court may grant a petition for a writ of habeas corpus filed by a person in state custody only on the ground that he is in custody in violation of the Constitution, laws, or treaties of the United States and only if "it appears that ... the applicant has exhausted the remedies available in the courts of the State...." 28 U.S.C. § 2254(a) &(b)(1); Hannah v. Conley, 49 F.3d 1193, 1196 (6th Cir. 1995) (per curiam); Clemmons v. Sowders, 34 F.3d 352, 354 (6th Cir. 1994). The United States Court of Appeals for the Sixth Circuit has determined that "[t]he exhaustion requirement is satisfied when the highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on the petitioner's claims." Manning v. Alexander, 912 F.2d 878, 881 (6th Cir. 1990) (citations omitted). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).  For the claim to be exhausted, it must be presented to the state courts as a federal constitutional issue, not merely as an issue arising under state law. Koontz v. Glossa, 731 F.2d 365, 369 (6th Cir. 1984). Moreover, the claim must be presented to the state courts under the same theory in which it is later presented in federal court.  Wong v. Money, 142 F.3d 313, 322 (6th Cir. 1998). It cannot rest on a theory which is separate and distinct from the one previously considered and rejected in state court.

Moreover, the Court is not required to entertain a second or successive petition for a writ of habeas corpus if it appears that the legality of the detention has already been determined by a judge or court of the United States on a prior application for a writ of habeas corpus.  28

2

U.S.C. § 2244(a). A claim that was presented in a second or successive habeas corpus petition under §2254 shall be dismissed. 28 U.S.C. § 2244(b)(1).

## Expiration of 180 day sentence

Mr. Pegg has asserted his claim that he is being held beyond his the expiration of his 180 day sentence in at least two prior habeas corpus petitions.[1] Both of these petitions considered the merits of the claim and denied habeas relief. The claim asserted in this petition is identical the claim rejected in the prior habeas petitions. This court is not required to entertain the claim for a third time.

## Conditions of Confinement

Mr. Pegg also alleges that various ODRC and OSP personnel are trying to kill him and are fabricating conduct report charges to order to prevent him from obtaining release on parole. This Court lacks habeas jurisdiction to consider this claim.

Section 2254 state that "a district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the gound that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). In Preiser v. Rodriguez, 411 U.S. 475 (1973), the Supreme Court articulated the standard for ascertaining whether relief was available through habeas corpus (§ 2254) or a civil rights action (42 U.S.C. § 1983). The Court determine that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from the imprisonment,

---

[1] See Pegg v. Ohio Parole Board, No. 5:08 CV 361 (N.D. Ohio filed Feb. 13, 2008); Pegg v. Wilkinson, No. C-1-00-702 (S.D. Ohio filed Aug. 29, 2000). Mr. Pegg has also filed 7 other §2254 habeas corpus petitions since his 1991 conviction and incarceration. See Pegg v. Ohio Adult Parole Authority, Case No. 1:09 CV 100 (S.D. Ohio filed Nov. 6, 2008); Pegg v. Wilkinson, No. 1:00 CV 197 (S.D. Ohio filed Mar. 14, 2000); Pegg v. Wilkinson, Case No. 1:00 CV 850 (S.D. Ohio filed Oct. 10, 2000); Pegg v. Wilkinson, No. 1:01 CV 282 (S.D. Ohio filed June 29, 2001); Pegg v. Haviland, No. 1:02 CV 211 (S.D. Ohio filed Mar. 27, 2002); Pegg v. Ghee, No. 2:95 CV 1141 (filed November 1995); and Pegg v. Ghee, No. 2:95 CV 1007 (S.D. Ohio filed Oct. 13, 1995).

3

his sole federal remedy is a writ of habeas corpus." <u>Id</u>. at 500.  A habeas petition attacks the legality of custody for the purpose of securing release from an unlawful conviction or sentence.

In contrast, " a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challege to the conditions of his prison life, but not to the fact or length of his custody." <u>Id.</u>  An action under § 1983 is appropriate when a person complains of the conditions of his confinement.  <u>Id</u>. at 494.

Mr. Pegg's claim that ODRC and prison officials are trying to keep in from being released on parole by fabricating conduct reports to give them an opportunity to have him killed is a challenge to the conditions of his confinement.  This claim must be asserted in a civil rights action.  It is not the basis for habeas corpus relief.

## Conclusion

Accordingly, petitioner's application to proceed <u>in forma pauperis</u> is granted and his action is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases.  Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability.  28 U.S.C § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

_/s/Dan Aaron Polster 10/8/09_____
DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE

4