**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| MAURICE S. PEGG, | ) | CASE NO. 4:09 CV 2177 |
| | ) | |
| Petitioner, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | |
| | ) | |
| R. WOLFE, | ) | <u>ORDER</u> |
| | ) | |
| Respondent. | ) | |

Maurice S. Pegg has filed a "Motion Under 28 U.S.C. § 1915(g) Reconsideration" (ECF #9) on December 29, 2009. In the Motion, he restates the allegations in his petition and appears to seek reinstatement of this action. For the following reasons, the Motion is **denied**.

Mr. Pegg filed a petition for a writ of habeas corpus on September 18, 2009, asserting he has been held over eighteen years on a sentence of 180 days, and that Ohio Department of Corrections ("ODRC") officials are writing false conduct tickets in an attempt to keep him from being released on parole. Thereafter, the Court issued its Memorandum of Opinion and Order dismissing the action on October 9, 2009. The Court found that Mr. Pegg had asserted his claim that he is being held beyond his the expiration of his 180 day sentence in at least two prior habeas corpus

petitions before this Court. Both of these petitions considered the merits of the claim and denied habeas relief. The Court further held that Mr. Pegg could not contest the conditions of his confinement in a habeas petition.

Mr. Pegg responded by filing a Motion on October 29, 2009 asking the Court to dismiss Case No. 4:09 CV 2181, which was assigned to United States District Judge Sara Lioi, and order his release from custody." (Mot. at 5.) Because that Motion in substance was simply a restatement of the petition, it was denied.

Petitioner has now filed yet another Motion restating the allegations in the petition. A Rule 60(b) motion may be granted only for certain specified reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

FED.R.CIV.P. 60(b). There are no arguments, assertions, or allegations in this Motion which support reconsideration of this matter. The Motion is **denied**.

To this point, the Court has been tolerant of Mr. Pegg's Motions seeking to vacate the Court's October 2009 judgment. The Court, however, will no longer permit plaintiff to use the court's resources to attempt to litigate a matter which has already been addressed by this Court, and numerous other state and federal courts in this state. Federal courts have both the inherent power and constitutional obligation to protect their jurisdiction from conduct which impairs the ability to

2

carry out Article III functions. Procup v. Strickland, 792 F.2d 1069, 1073 (11th Cir. 1986). Moreover, this court has the responsibility to prevent litigants from unnecessarily encroaching on judicial machinery needed by others. Id. To achieve these ends, the United States Court of Appeals for the Sixth Circuit has approved enjoining vexatious and harassing litigants by requiring them to obtain leave of court before submitting additional filings. Filipas v. Lemons, 835 F.2d 1145 (6th Cir. 1987); Wrenn v. Vanderbilt Univ. Hosp., Nos. 94-5453, 94-5593, 1995 WL 111480 (6th Cir. Mar. 15, 1995)(authorizing a court to enjoin harassing litigation under its inherent authority and the All Writs Act, 28 U.S.C. § 1651(a) (citations omitted)). Mr. Pegg's Motions are patently vexatious and appear calculated to harass the Court and abuse the judicial process.

Accordingly, Mr. Pegg's "Motion Under 28 U.S.C. § 1915(g) Reconsideration" (ECF #9) is **denied**. Further, Petitioner, Maurice S. Pegg, is permanently enjoined from filing additional documents in this case. The Clerk is directed to return, unfiled, any further documents submitted by Mr. Pegg for filing in this action. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this order could not be taken in good faith.

**IT IS SO ORDERED.**

                                          */s/Dan Aaron Polster 1/8/10*
                                          **DAN AARON POLSTER**
                                          **UNITED STATES DISTRICT JUDGE**